Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
Kristabel Sandoval (SBN 323714)
Beth A. Christopher (SBN 244242)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com
ksandoval@schneiderwallace.com
echristopher@schneiderwallace.com

Attorneys for Plaintiffs and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AZIZPOR, an individual; ARTEMIO ANGEL, an individual; DANIEL WEST, an individual; EDWARD SHUBIN, an individual; ROBERT GREGORY, an individual; and RONALD BLUHM, an individual; each as an individual and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>LOWES HOME CENTERS, LLC, a North Carolina corporation, and DOES 1-50, inclusive,<br><br>            Defendants | Case No.: 3:23-cv-85<br><br>**CLASS, COLLECTIVE, AND REPRESENTATIVE COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE FAIR LABOR STANDARDS ACT- FAILURE TO PAY OVERTIME COMPENSATION (29 U.S.C. §§ 201, et seq.)**<br><br>2) **FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, and 1198);**<br><br>3) **FAILURE TO PROVIDE REST PERIODS (Labor Code §§ 226.7, 1198, IWC No. 9-2001);**<br><br>4) **FAILURE TO PAY OVERTIME (Labor Code § 510);** |

5) **FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code § 1174(d));**

6) **FAILURE TO PAY ALL WAGES WHEN DUE (Labor Code § 204);**

7) **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code § 226 (a), 226.3);**

8) **FAILURE TO REIMBURSE WORK EXPENSES (Labor Code § 2802);**

9) **FAILURE TO TIMELY PAY WAGES UPON TERMINATION (Labor Code §§ 201-203);**

10) **UNFAIR BUSINESS PRACTICES (In Violation of Bus. & Prof. Code § 17200).**

**JURY TRIAL DEMANDED**

Plaintiffs Artemio Angel, Daniel West, David Azizpor, Edward Shubin, Robert Gregory, and Ronald Bluhm, each as an individual, on behalf of themselves, and on behalf of all others similarly situated (collectively "Plaintiffs"), hereby brings this Complaint ("Complaint") against Defendant LOWES HOME CENTERS, LLC ("Defendant"), and DOES 1-50, inclusive, (collectively, "Defendants"). Plaintiffs hereby state and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class and collective action pursuant to Federal Rules of Civil Procedure Rule 23 and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* against Defendants for, among other things: failure to provide complaint rest and meal breaks; failure to pay overtime wages; failure to maintain accurate records of hours worked and wages earned; failure to pay wages when due; failure to furnish accurate wage statement; failure to reimburse work-related expenses incurred in the discharge of job duties; and failure to pay all wages due upon termination.

2.     Plaintiffs thus bring this action on behalf of themselves, and other individuals similarly situated pursuant to Labor Code §§ 201-203, 204, 226(a), 226.7, 510, 512, 1174(d), 1194(a), 2802 and Industrial Wage Commission ("IWC") Wage Order No. 7-2001 ("IWC No. 7") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, for unpaid premiums for rest-and-meal break violations, unpaid overtime compensation, applicable penalties, injunctive and other relief and reasonable attorneys' fees and costs.

## THE PARTIES

### Plaintiff DAVID AZIZPOR

3.     Plaintiff DAVID AZIZPOR is and was, at all times relevant to this Complaint, an adult individual who lived in Sacramento, California and worked for Defendant in the City of Livermore and in the County of Alameda, California. Defendant employed Plaintiff as a Sales Specialist from in or about May 2017 to on or about August 2019.

---

CLASS, COLLECTIVE, AND REPRESENTATIVE COMPLAINT

3

**Plaintiff ARTEMIO ANGEL**

4.    Plaintiff ARTEMIO ANGEL is and was, at all times relevant to this Complaint, an adult individual who lived in Lodi, California and worked for Defendant in the City of Lodi in the County of San Joaquin, California. Defendant employed Plaintiff as a Head Cashier from in or about 2015 to on or about January 2019.

**Plaintiff DANIEL WEST**

5.    Plaintiff DANIEL WEST is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles, California and worked for Defendant in the City and County of Los Angeles, California. Defendant employed Plaintiff as a Customer Service Associate from in or about March 2019, to in or about May 2020.

**Plaintiff EDWARD SHUBIN**

6.    Plaintiff EDWARD SHUBIN is and was, at all times relevant to this Complaint, an adult individual who lived in Santa Ana, California and worked for Defendant in the City of Huntington Beach in the County of Orange, California. Defendant employed Plaintiff as a Customer Assistant Supervisor from in or about March 21, 2021, to on or about December 2021.

**Plaintiff ROBERT GREGORY**

7.    Plaintiff ROBERT GREGORY is and was, at all times relevant to this Complaint, an adult individual who lived in Elk Grove, California and worked for Defendant in the City of Oak Grove in the County of San Diego, California. Defendant employed Plaintiff as a Night Crew Stock Receiver from in or about March 2020 to on or about August 25, 2022.

**Plaintiff RONALD BLUHM**

8.    Plaintiff RONALD BLUHM is and was, at all times relevant to this Complaint, an adult individual who lived in El Cajon, California and worked for Defendant in the City of Santee in the County of San Diego, California. Defendant hired Plaintiff as a Sales Associate in or about June 2022 to on or about November 5, 2022.

**Defendant LOWES HOME CENTERS, LLC**

9. At all times relevant to this Complaint, Defendant was a North Carolina corporation, duly registered to conduct business and employ persons throughout California, where it employed Plaintiffs.

10. Defendant is a retail company. Defendant maintains approximately 110 locations throughout the State of California.

11. At all relevant times to this Complaint, Defendant employed Plaintiffs at their respective Lowe's locations in the State of California.

12. At all times mentioned in this Complaint, Defendant was Plaintiffs' "employer," and Plaintiffs were its "employee" as defined by California law.

13. Plaintiffs are unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1–50, inclusive, but pray for leave to amend and serve such fictitiously-named Defendants once their names and capacities become known.

14. Plaintiffs are informed and believe, and thereon allege, that DOES 1–50, inclusive, are the partners, agents, owners, shareholders, managers, principals or employees of Defendant and/or and were acting on behalf of Defendant.

15. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by or is attributable to Defendant, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendant was in accordance with, and represent the policy of, Defendant.

16. At all times herein mentioned, Defendant, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendant, aided and abetted the acts and omissions of each and all of the other Defendant in proximately causing the damages herein alleged.

17.    Plaintiffs are informed and believe, and thereon allege, that Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19.    Currently, and at the time of the filing of this action, this Court also has federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and (d), as the parties are completely diverse in citizenship and the amount in controversy for Plaintiffs' claims each individually exceed the sum or value of $75,000 and collectively with the Class exceeds $5,000,000.

20.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## GENERAL ALLEGATIONS AND SUMMARY OF CLAIMS

21.    Plaintiffs allege that they and the Class Members are individuals who currently work or formerly worked for Defendant in the State of California as non-exempt, hourly, full time and part time employees, at any given time during the four years prior to the filing of this complaint (the "Class Period").

22.    Plaintiffs allege that they and the Collective Members are individuals who currently work or formerly worked for Defendant in the State of California as non-exempt, hourly, full time employees, at any given time during the three years prior to the filing of the complaint (the "Collective Period").

23.    *Labor Code* § 1194 provides that employees must be separately paid an hourly wage for each and every hour worked.

24.    Plaintiffs and the Class Members are/were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and

presumption to be paid all wages earned for labor performed, including an hourly wage for each and every hour worked.

25. *Labor Code* §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

26. *Labor Code* § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

27. *Labor Code* § 510 states in pertinent part, "Any work in excess of eight hours in one workday or in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, "any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee." As a matter of course during all or a substantial portion of the Class Period, Plaintiffs and certain member of the Class were regularly, uniformly and systematically required by Defendant to work in excess of eight hours per day, and/or required to work in excess of 40 hours per week without being paid the requisite overtime wages required by *Labor Code* §§ 510, 1194 and Wage Order No. 7.

28. Due to Plaintiffs and certain Class Members and Collective working off the clock during lunch breaks, in many instances because of the unrecorded hours worked, their shifts exceeded eight hours a day or 40 hours in a week. Whenever Plaintiffs and Class Members exceeded eight hours per day or forty hours per week, Defendant's managers would often pressure them to clock out while they are/were still required to complete tasks assigned by Defendant. On multiple occasions, Defendant required certain of the Plaintiffs and certain Class Members and Collective Members to stay

longer to cover the staff shortage outside of their regularly scheduled shifts without tracking and compensating for those hours work. There were also occasions that Defendant altered the time records logged into the system by certain Plaintiffs and certain Class Members and Collective Members.

29.     Defendant willfully refused to pay Plaintiffs and members of the Class and Collective the required compensation for all hours worked and failed to keep time records as required by law.

30.     *Labor Code* § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

31.     IWC Order No. 7-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(C) of IWC Order No 7-2001 provides in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

32.     Throughout the Class Period, Defendant fails/failed to provide meal periods and rest periods to certain Plaintiffs. The nature of Plaintiffs' and Class Members work, providing in person customer service, was rigorous and nonstop. Plaintiffs and certain Class Members are/were frequently prevented from timely taking meal breaks and rest breaks due to constant work demands and staffing shortages, they were not timely relieved of all duties to take such breaks. Defendant required for Plaintiffs and certain of Class Members to take care of the customers and assist other employees during their meal break and rest breaks. Thus, as a matter of course during all or a substantial portion of the Class Period, Plaintiffs and each member of the Class were regularly, uniformly and systematically prohibited by Defendant from taking timely, compliant, uninterrupted, unpaid 30-minute meal periods for every five hours worked as required

by *Labor Code* § 512 and Wage Order no. 7, nor were Plaintiffs or members of the Class paid a one hour premium wage at their regular rate of pay for each missed, short, late or interrupted meal period.

33.    Section 12(A) of IWC Order No. 7-2001 provides in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

34.    The nature of Plaintiffs' and Class Members work, providing in person customer service, was rigorous and nonstop. Plaintiffs and certain Class Members were frequently prevented from timely taking rest breaks because, due to their constant work demands and staffing shortages. As such, Plaintiffs, were not timely relieved of all duties to take such breaks. Defendant mandated Plaintiffs and certain Class Members to take care of customer's inquiries and needs as they come, leaving them no time for rest breaks or shortening the time of their rest breaks. Thus, as a matter of course, during all or a substantial portion of the Class Period, Plaintiffs and certain Class Members were regularly, uniformly, and systematically prohibited by Defendant from taking, timely, compliant, uninterrupted paid 10-minute rest periods for every four hours worked (or major fraction thereof) as required by Labor Code §§ 226.7, 512 and Wage Order 7, nor were Plaintiffs or members of the Class paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted rest period.

35.    *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

36.    Defendant knew or reasonably should have known that Plaintiffs and certain Class Members were not timely relieved of all duties and were impeded or prevented from taking timely all meal periods and rest breaks.

37.    Plaintiffs and Class Members were not paid "premium pay penalties" pursuant to *Labor Code* § 226.7(c) for any of the workdays that Defendant failed to provide them timely, uninterrupted meal and rest breaks.

38.    *Labor Code* § 226(a) requires employers to provide employees itemized wage statements that accurately report, among other things, the total hours worked and total wages earned in each pay period.

39.    Pursuant to Section 11(C) of IWC Order No. 7-2001, Defendant should have correctly counted all purported "meal periods" for which Defendant failed to relieve Plaintiffs and Class Members of all duty as "on duty" meal periods, and Defendant should have counted those purported "meal periods" as time worked. Defendant should have reported that additional time worked on the itemized wage statements that Defendant provided to Plaintiffs and Class Members, but Defendant failed to do so, in violation of *Labor Code* § 226(a).

40.    From the outset and throughout the Class Period, Defendant has failed to comply with *Labor Code* § 226(a). As a matter of common policy and practice, Defendant did not include Plaintiffs and certain Class Members' proper and correct number of hours worked at each correct hourly rate of pay. The wage statements that were distributed by Defendant to Plaintiffs and the certain Class Members did not contain all wages earned. Defendant's policies and practices and the omissions on the wage statements were intention and knowing, causing Plaintiffs and certain members of the Class to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

41.    Defendant's failure to accurately record and maintain records of all hours worked and wages earned further constitutes a violation of *Labor Code* §1174(d), which

requires employers to maintain accurate payroll records of hours worked and wages earned for a period of three years.

42.    *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

43.    *Labor Code* § 202(a) provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

44.    *Labor Code* § 203(a) provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

45.    Despite Defendant's violations of *Labor Code* §§ 201 and 202 by failing to timely pay all wages due upon such Plaintiffs' and certain Class Members who separated from Defendant's employment during the Class Period, discharge or quitting, Defendant has failed to pay such individuals "waiting time" penalties pursuant to *Labor Code* § 203(a).

46.    *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employers' instructions.

47.    During the Class Period, Defendant required Plaintiffs and certain Class Members to use their personal cell phones to perform their job duties each workday throughout their employment. Defendant required them to contact supervisors, to communicate with other employees on shift, to text supervisors, to contact customers, to scan products, to look up inventories for customers, to download the app "Kronos"

for keeping track of their schedules, to download the app "Workday" for tracking their pay and time records, and to download a Lowes app for scanning products, looking up inventories for customers, and contacting customers.

48.     During the Class Period, Defendant required certain of the Plaintiffs and certain Class Members to routinely use their personal internet access or their home internet access to connect with Defendant's portals and to perform their assigned job duties.

49.     During the Class Period, Defendant required certain of the Plaintiffs and certain Class Members to use their personal vehicles to commute to different Lowe's locations for training.

50.     Despite Defendant's requirement that Plaintiffs and certain Class Members incur expenses using their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access, and personal vehicles to perform their job duties, Defendant did not reimburse them. Defendant's failure to reimburse Plaintiffs and Class Members constitutes a violation of *Labor Code* §2802(a).

51.     Defendant's company-wide policies and practices violate California law as pled herein. Plaintiffs seek declaratory relief, reporting time pay, regular and overtime compensation, premium pay for rest and meal break violations, reimbursement of business expenses, liquidated damages and other damages and penalties as permitted by California Law, interest and attorneys' fees and costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiffs brings the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Collective members for all hours worked, including wages at the agreed rate and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiffs seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of
> Defendant Lowes Home Centers, LLC in California during the

time period three years prior to the filing of this Complaint until resolution of this action.

53.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the Collective members.

54.    The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work without compensation in violation of the FLSA.

55.    Collective members regularly work or have worked in excess of forty hours during a workweek.

56.    Collective members are not exempt from receiving overtime compensation under the FLSA.

57.    Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

58.    Plaintiffs are representative of the Collective members and are acting on behalf of their interests, as well as Plaintiffs' own interests, in bringing this action.

59.    Plaintiffs will fairly and adequately represent and protect the interests of Collective members. Plaintiffs have retained counsel competent and experienced in employment class action and collective action litigation.

60.    Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy, or practice of not recording or paying Plaintiffs and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock." These unpaid hours are typically worked in

1   excess of 40 hours per week, and therefore the failure to track these hours results in a
2   violation of the FLSA.

3       61.    The similarly situated Collective members are known to Defendant, are
4   readily identifiable, and may be located through Defendant's records. These similarly
5   situated employees may readily be notified of this action, and allowed to "opt-in" to
6   this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating
7   their claims for unpaid wages, liquidated damages (or, alternatively, interest), and
8   attorneys' fees and costs under the FLSA.

9   ## RULE 23 CLASS ACTION ALLEGATIONS

10      62.    Plaintiffs bring causes of action for violation of California's wage-and-hour
11  laws as a class action on behalf of all members of the Class which is defined and
12  composed as follows:

13      All current and former hourly, non-exempt workers employed by LOWES HOME
14      CENTERS, LLC throughout California any time starting four years prior to the
15      filing of this Complaint until resolution of this action. (the "Class").

16  ## COMMON CLASS ACTION ALLEGATIONS

17      63.    **Numerosity**: The potential quantity of members of the Class as defined are
18  so numerous that joinder of all members would be unfeasible and impractical. Plaintiffs
19  are informed and believe that the total number of current and formerly employed
20  members of the Class exceeds 100. The quantity and identity of such membership is
21  readily ascertainable via inspection of Defendant's records.

22      64.    **Superiority**: The nature of this action and the nature of the laws available
23  to Plaintiffs make the use of the class action format particularly efficient and the
24  appropriate procedure to afford relief to Plaintiffs and the members of the Class for the
25  wrongs alleged herein, for the following reasons:

26      a)  By establishing a technique whereby, the claims of many individuals can be
27          resolved at the same time, the class suit both eliminates the possibility of
28          repetitious litigation and provides small claimants with a method of obtaining

redress for claims which would otherwise be too small to warrant individual litigation.

b) This case involves large corporate Defendant and a large number of individual class members with many relatively small claims and common issues of law and fact.

c) If each individual member of the Class was required to file an individual lawsuit, the large corporate Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each individual member of the Class with Defendant's vastly superior financial and legal resources.

d) Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue action against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

e) Proof of a common policy and practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of the Class to recover on the causes of action alleged herein.

f) Absent class treatment, the prosecution of separate actions by the individual members of the Class, even if possible, would likely create:

  i.   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

  ii.  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

  iii. inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendant;

  iv.  potentially incompatible standards of conduct for Defendant; and

v.    potentially incompatible legal determinations with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class to protect their interests.

g) The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attendant thereto.

h) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions.

i) Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

65.    **Well-defined Community of Interest**: Plaintiffs also meet the established standards for class certification as follows:

a) **Typicality**: The claims of Plaintiffs are typical of the claims of all members of the Class they seek to represent because all members of the Class sustained injuries and damages arising out of Defendant's common course of conduct in violation of California law, and the injuries and damages of all members of the Class were caused by Defendant's wrongful conduct in violation of California law, as alleged herein.

b) **Adequacy**: Plaintiffs are adequate representatives of the Class they seek to represent, will fairly protect the interests of the members of the Class, have no interests antagonistic to the members of the Class, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c) **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate

over questions affecting only individual members of the Class, including, without limitation:

i. Whether Defendant failed and continues to fail to have a policy to provide members of the Class timely, duty-free, uninterrupted meal periods of at least 30-minutes for shifts over 5 and 10 hours of work;

ii. Whether Defendant failed and continues to fail to have a policy to provide members of the Class timely, duty-free, uninterrupted rest periods of at least 10-minutes for every four hours worked or major fraction thereof;

iii. Whether Defendant unlawfully failed to pay Plaintiffs and the members of the Class overtime compensation in violation of Labor Code §§ 218, 510, 1194, and Wage Order 7;

iv. Whether Defendant unlawfully failed to maintain accurate records in violation of Labor Code § 1174(d);

v. Whether Defendant unlawfully failed to pay all wages to Plaintiffs and members of the Class when due in violation of Labor Code § 204;

vi. Whether Defendant unlawfully failed to furnish accurate itemized statements to members of the Class in violation of Labor Code §§ 226, 226.3;

vii. Whether Defendant failed to reimburse Plaintiffs and members of the Class for all expenses incurred in discharge of their duties in violation of Labor  Code § 2802;

viii. Whether Defendant's policies and practices of failing to pay their employees all wages due within the time required by California law after their employment ended with Defendant violate Labor Code §§ 201-203;

ix. Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

x.   Whether the members of the Class are entitled to injunctive relief;

xi.  Whether the members of the Class are entitled to restitution; and

xii. Whether Defendant is liable for attorneys' fees and costs to the extent permitted by California law.

66.   Manageability of Class and Common Proof: The nature of this action and the nature of laws available to Plaintiffs make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and members of the Class for the wrongs alleged herein. Specifically, liability will turn on Defendant's own uniform, systematic practices of failing to pay their employees for all wages they earned in violation of California law during the Class Period. Therefore, the wage violations are predominant questions of fact that are easily capable of being determined through manageable devices of common proof, such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendant in treating each of the members of the Class as a homogeneous group. Class certification of the Second through the Ninth causes of action is appropriate under Federal Rule of Civil Procedure 23 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class of this litigation. Defendant's policies and practices unlawfully treated members of the Class and in a uniform fashion. The damages suffered by individual members of the Class and are small compared to the expense and burden of individual prosecution of this litigation.

67.   In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

68.   Class certification of the Second through Ninth causes of action is also appropriate pursuant to Federal Rule of Civil Procedure 23 because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory relief with respect to and the Class as a whole.

69.    Plaintiffs intend to send notice to all members of the Class to the extent required by law and each will be given an opportunity to opt out of the proceedings.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT- FAILURE TO PAY**
**OVERTIME COMPENSATION**
**In Violation of 29 U.S.C. §§ 201, et seq.**
**(Against Defendant and Does 1 – 50, inclusive)**

70.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

72.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

73.    Defendant is a covered employer required to comply with the FLSA's mandates.

74.    Defendant violated the FLSA with respect to Plaintiffs and the Collective, by, *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work.

75.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to employees of Defendant, working throughout the California.

76.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay, within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and

knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

77.    Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

78.    Pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the Collective as a result of the Defendant's violations of the FLSA. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

79.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**In Violation of Labor Code §§ 226.7(c), 512(a), 1198 and IWC Order No. 7-2001**
**(Against Defendant and Does 1 – 50, inclusive)**

80.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81.    *Labor Code* § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

82.    IWC Order No. 7-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(C) of IWC Order No 7-2001 provides in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked." An 'on duty' meal period shall be permitted only when

the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties, an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time.

83.    *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

84.    Labor Code § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

85.    Throughout the Class Period, Plaintiffs and certain members of the Class are/were required to assist customers and other employees during their lunch breaks, which would force them to work during their lunch breaks. This made it impossible for Plaintiffs and certain members of the Class to have a duty-free uninterrupted meal break. Defendant did not pay Plaintiffs and members of the Class for the time they worked during their breaks nor the premium pay to which they are/were entitled for the missed and non-compliant rest and meal breaks.

86.    Plaintiffs and members of the Class did not waive their right to timely meal periods by mutual consent with Defendant or otherwise.

87.    The nature of Plaintiffs and Class Members' work, providing in person customer service, was rigorous and nonstop. Plaintiffs and certain Class Members were frequently prevented from timely taking meal breaks because, due to their constant

work demands and staffing shortages, they were not timely relieved of all duties to take such breaks.

88.    Defendant discouraged, impeded and through threats and intimidation prevented and dissuaded Plaintiffs and members of the Class from taking compliant 30-minute meal periods, nor did Defendant pay Plaintiffs or Members of the Class with an additional hour of pay for these meal period violations, nor did Defendant pay Plaintiffs and Class Members a premium pay penalty for missed, short, late or interrupted meal breaks pursuant to *Labor Code* § 226.7(c).

89.    As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 512(a), 1198, and IWC Order No. 7-2001, Plaintiffs seek recovery of "premium pay" pursuant to the DLSE's Policy Manual Guidelines and *Labor Code* § 226.7.

90.    Further, pursuant to *Labor Code* §218.6 and Civil Code §3287, the members of the Class seek recovery of prejudgment interest on all amounts recovered herein.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**In Violation of Labor Code §§ 226.7(c), 1198 and IWC Order No. 7-2001**
**(Against Defendant and Does 1 – 50, inclusive)**

91.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.    Section 12(A) of IWC Order No. 7-2001 provides in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

93.    *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for

longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

94.    *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

95.    Throughout the Class Period, Defendant fails/failed to provide rest periods to Plaintiffs and certain of the Class Members. The nature of Plaintiffs and Class Members' work required them to provide in person customer service, which is rigorous and nonstop. Plaintiffs and Class Members are/were frequently prevented from timely taking rest breaks due to constant work demands and staffing shortages.

96.    Defendant knew or reasonably should have known that Plaintiffs and the certain Class Members were not timely relieved of all duties and were impeded or prevented from timely taking timely all rest breaks after every fourth hour of work (or major fraction thereof).

97.    Plaintiffs and the Class Members were not paid premium pay penalties pursuant to *Labor Code* § 226.7(c) for any of the workdays that Defendant failed to provide them timely, uninterrupted rest breaks.

98.    As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 1198, and IWC Order No. 7-2001, Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, seek "premium pay penalties" pursuant to *Labor Code* § 226.7.

99.    Further, pursuant to *Labor Code* §218.6 and Civil Code §3287, the members of the Class seek recovery of prejudgment interest on all amounts recovered herein.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### In Violation of Labor Code §§ 510, 1194
### (Against Defendant and Does 1 – 50, inclusive)

100.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.  Plaintiffs seek to represent the proposed Class as a basis to enforce equal or greater protections for wages owed that are offered by California law. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the Class in a legally identical way, Plaintiffs, at the appropriate time will move to certify the Class to the extent permitted by Federal Rule of Civil Procedure 23.

102.  Plaintiffs and the Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by *Labor Code* §§ 510, 1194 and Wage Order No. 7.

103.  California law requires employers, such as Defendant to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. *Labor Code* § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

104.  Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, *Labor Code* § 510(a) provides that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

105.  Pursuant to *Labor Code* § 1198 it is unlawful to employ persons for longer than the hours set by the IWC.

106.  Pursuant to *Labor Code* § 1194, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

107.  As set forth above, Plaintiffs and the members of the Class were entitled to be paid overtime compensation for all overtime hours worked. Plaintiffs, and certain members of the Class, were regularly and consistently required to work overtime during the Class Period but were not paid for all overtime hours worked and were not paid at the correct overtime rate of pay.

108.  Throughout the Class Period, Plaintiffs and certain members of the Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. Whenever Plaintiffs and Class Members exceeded eight hours per day or forty hours per week, Defendant's managers would often pressure them to clock out while they are/were still required to complete tasks assigned by Defendant.

109. On multiple occasions, Defendant required certain of the Plaintiffs and certain Class Members to stay longer to cover the staff shortage outside of their regularly scheduled shifts without tracking and compensating for those hours work. There were also occasions that Defendant altered the time records logged into the system by certain Plaintiffs and certain Class Members.

110.  Plaintiffs and the certain Class Members would also routinely work off the clock during their meal breaks, as was required by Defendant. Due to this time worked off the clock, Plaintiffs and the certain Class Members would routinely exceed eight-hour shifts and forty-hour workweeks and would not be paid the required overtime pay.

111.  During the Class Period, Defendant did not pay Plaintiffs and members of the Class overtime pay for all of the overtime hours worked, included hours worked

while off the clock and Defendant did not pay Plaintiffs and members of the Class at the correct overtime rate of pay.

112.  As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established according to proof at trial, prejudgment interest, and costs and attorneys' fees, pursuant to *Labor Code* § 1194.2 and applicable California law.

## FIFTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
#### In Violation of Labor Code § 1174(d)
#### (Against Defendant and Does 1 – 50, inclusive)

113.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

114.  *California Labor Code* § 1174(d), which was in force and effect at all relevant times, herein, provides in pertinent part, that "Every person employing labor in this state shall keep… at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

115.  During the Class Period, Defendant knowingly and intentionally failed to accurately record, track, maintain and keep accurate records of each and every hour worked and wages earned for Plaintiffs and the Class Members. On multiple occasions, Defendant required certain of the Plaintiffs and certain Class Members to stay longer to cover the staff shortage outside of their regularly scheduled shifts without tracking and

compensating for those hours work. There were also occasions that Defendant altered the time records logged into the system by certain Plaintiffs and certain Class Members.

116.   Upon information and belief and thereon, Plaintiffs have alleged herein that in an effort to fabricate the appearance of compliance with the provisions of the Labor Code, (simultaneously motivated by Defendant's effort to unlawfully avoid payment of premium pay penalties owed for missed or non-compliant rest and meal breaks, and overtime pay) Defendant's routinely prohibited Plaintiffs and members of the Class from receiving proper, timely, and compliant meal and rest breaks and altered timesheets to get rid of any owed overtime pay.

117.   Thus, at all times relevant, Defendant failed to maintain accurate records of all hours Plaintiffs and Class Members worked, including hours they were working during rest and meal break period, and for the days they worked in excess of eight hours, or workweeks in excess of forty hours. As a result of Defendant's failure to maintain proper accurate records, premium penalties to which Plaintiffs and Class Members were entitled for rest and meal break violations was not properly recorded either.

118.   Accordingly, Plaintiffs as a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, for Defendant's violation of *Labor Code* § 1174(d), including loss of earnings for all hours worked, and loss of receipt of premium pay penalties, in amounts to be established at time.

119.   Plaintiffs and Class members are therefore entitled to and do seek to recover penalties, pursuant to § 1174.5, which provides that an employer who fails to properly maintain records pursuant to 1174(d) shall be subject to a civil penalty of five hundred dollars ($500).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES EARNED WHEN DUE**
**In Violation of Labor Code § 204**
**(Against Defendant and Does 1 – 50, inclusive)**

120.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.  The California Labor Code requires employers to pay all wages due within the time specified by law. *California Labor Code* § 204 was in full force and effect at all relevant times herein.

122.  Pursuant to § 204, for employees entitled to pay twice per month, two periods of pay are required. Labor performed between the 1st and 15th of the month must be paid between the 16th and 26th of the same month and labor performed on the 16th and the end of the month must be paid on pay days between the 1st and 10th of the following month. *Labor Code* § 210 provides that " … (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in §§ 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

123.  Plaintiffs and the Class Members were entitled to be paid twice monthly for labor performed. Although Plaintiffs and the class members are and/or were paid twice monthly, Defendant failed and intentionally refused to pay Plaintiffs and the Class Members all wages they were entitled to, twice monthly, including overtime pay during each and every pay period of their employment.

124.  As alleged herein, Plaintiffs and the Class Members were not paid for all of their wages, for each and every hour worked, including inter alia time worked during

rest and meal breaks, time worked off the clock and overtime hours, as alleged herein, during every single pay period during the term(s) of their employment.

125.    Accordingly, as a result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been deprived of wages in amounts to be determined according to proof at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, pursuant to *Labor Code* § s 210, 218 and 1194.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**In Violation of Labor Code § 226(a)**
**(Against Defendant and Does 1 – 50, inclusive)**

126.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

127. *Labor Code* § 226(a) requires employers to provide employees itemized wage statements that accurately report, among other things, the total hours worked and total wages earned in each pay period. Section 226(a) states in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …"

128. *Labor Code* § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate

penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

129.  *Labor Code* § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

130.  *Labor Code* § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

131.  *Labor Code* § 226(h) provides: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

132.  As alleged supra, during the Class Period, Defendant failed to maintain accurate records, including records of time worked through rest and meal break periods, resulting in failure pay them overtime wages they were owed when they worked shifts in excess of eight hours or in excess of forty hours per week.

133.  In addition, because of Defendant's intentional and knowing failure to maintain proper and accurate records, overtime hours and wages earned were also not recorded, and did not appear on the Plaintiffs' and Class Members' wage statements.

134.  During the Class Period Defendant knowingly and willingly failed to comply with *Labor Code* § 226. As a common policy and practice Defendant did not include all hours worked, including hours worked during on-duty rest and meal breaks, overtime hours worked and wage statements failed to include premium pay penalties for Plaintiffs and Class Members' regularly missed or otherwise, non-compliant, rest and meal breaks. The wage statements issues to the Plaintiffs and Class Members were not accurate, did not reflect or include all wages earned during each and every pay period of the Class Period. Defendant's knowing, and intentional omissions caused the Plaintiffs and Class Members to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are/were lawfully entitled.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

135.  As a result of Defendant's violations of *Labor Code* § 226(a), Plaintiffs seek an award of penalties pursuant to *Labor Code* § 226(e)(1), and injunctive relief, attorneys' fees, and costs pursuant to Labor Code § 226(h).

<u>**EIGHTH CAUSE OF ACTION**</u>
**FAILURE TO REIMBURSE WORK EXPENSES**
**In Violation of Labor Code § 2802**
**(Against Defendant and Does 1 – 50, inclusive)**

136.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

137.  *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employer' instructions.

138.  As alleged, during the Class Period, Defendant required Plaintiffs and certain Class Members to use their personal cell phones to perform their job duties each workday throughout their employment. Defendant required them to contact supervisors, to communicate with other employees on shift, to text supervisors, to contact customers, to scan products, to look up inventories for customers. In addition, certain Class Members were expected to download the app "Kronos" for keeping track of their schedules, to download the app "Workday" to tracking their pay and time records, and to download a Lowes app for scanning products, looking up inventories for customers, and contacting customers.

139.  During the Class Period, Defendant required certain of the Plaintiffs and certain Class Members to routinely use their personal Internet access or their home Internet access to connect with Defendant's portals and to perform their assigned job duties.

140.  During the Class Period, Defendant required certain of the Plaintiffs and certain Class Members to use their personal vehicles to commute to different Lowe's locations for training.

141. Despite Defendant's requirement that Plaintiffs and Class Members incur expenses by using their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access, and their personal vehicles to perform their job duties, Defendant failed to reimburse Plaintiffs and the Class Members violated Labor Code § 2802(a).

142. Defendants continue to refuse to reimburse and indemnify Plaintiffs and members of Plaintiff Classes for all necessary expenditures and losses incurred by them, including but not limited to, desk, chair, and other items related to the specific work space, which are subject to Defendant requirements and approval; the proportionate share of each of their mortgage or rent; property taxes; homeowner insurance premiums; utilities such as electricity, gas, and water; and trash collection services.

143. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

144. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

145. Defendants owe a duty to Plaintiffs and members of Plaintiff Classes to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

146. As a result of Defendant's failure to indemnify and reimburse Plaintiffs and Class Members for the expenses they necessarily incurred in the performance and

discharge of their work-related duties, Plaintiffs and the Class Members have sustained economic damages in amount to be proven at trial.

147.  As a result of Defendant's violation of *Labor Code* § 2802, Plaintiffs seek reimbursement for all business-related expenses they have incurred working for Defendant, in amounts to be determined at trial, with interest thereon as well as attorney's fees and costs of suit pursuant to *Labor Code* § 2802(c).

**<ins>NINTH CAUSE OF ACTION</ins>**
**FAILURE TO TIMELY PAY WAGES UPON TERMINATION**
**In Violation of Labor Code §§ 201-203**
**(Against Defendant and Does 1 – 50, inclusive)**

148.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

149.  *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

150.  *Labor Code* § 202(a) provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

151.  By requiring Plaintiffs and certain Class Members to work through their meal beaks Defendants also violated Labor Codes §§ 201 and 202 by failing to timely pay all wages due for each and every hour worked, including overtime wages to Plaintiffs and Class Members who separated from Defendant's employment during the Class Period, at the time of discharge or resignation.

152. Labor Code § 203(a) provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall

continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

153. As alleged supra, Defendant failed to lawfully compensate Plaintiffs and the Class Members as required by law for their missed rest and meal periods and all wages earned. Therefore, Defendant has willfully failed to make timely payment of the full wages due to Plaintiffs and such Class Member employees who have resigned or been discharged during the Class Period.

154. Labor Code § 218.5(a) states in relevant part: "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

155. As a result of Defendant's violations of Labor Code §§ 201 and 202, Plaintiffs seek an award of "waiting time penalties" pursuant to Labor Code § 203, and attorney's fees and costs pursuant to *Labor Code* § 218.5.

## <ins>TENTH CAUSE OF ACTION</ins>
### UNFAIR BUSINESS PRACTICES
### In Violation of Bus. & Prof. Code § 17200 et seq.
### (Against Defendant and Does 1 – 50, inclusive)

156. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

157. California Business and Professions Code § 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

158. California Business and Professions Code § 17202 provides: "Notwithstanding § 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

159. California Business and Professions Code § 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

160.  California Business and Professions Code § 17203 also provides that any person who meets the standing requirements of § 17204 may pursue representative claims for relief on behalf of others.

161.  California Business and Professions Code § 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

162.  Beginning at an exact date unknown, but at least since the date four years prior to the filing of this Complaint, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Labor Codes §§  201-203, 204, 226 (a), 226.7, 510, 512, 1194, 1198, 2802 and the provisions of IWC No. 7-2001.

163.  The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200 et seq.

164.  The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq. Among other things, Defendant's acts and practices have forced Plaintiffs and Class Members to labor without receiving appropriate wages and/or to incur personal cell phone expenses in the discharge of their duties.

165.  The acts and practices described above have allowed Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

166.  As a result of the acts and practices described herein, Plaintiffs and Class Members have been denied compensation in an amount to be proven at trial.

167. As a result of the aforementioned acts and practices, Defendant has received and continues to receive ill-gotten gains belonging to Plaintiffs and Class Members.

168. In light of named Defendant's unfair business practices in violation of the law, Plaintiffs and Class Members, pursuant to Business and Professions Code § 17203, seek from this Court disgorgement of all profits and monies obtained by Defendants on the benefits withheld, restitution for all monetary benefits payable to Plaintiffs and Class Members but unreasonably and unfairly withheld, as well as a permanent injunction, enjoining such Defendants from the conduct alleged herein.

169. Plaintiffs' success in this action will enforce important rights affecting the public interest.

170. An award of attorneys' fees is appropriate pursuant to California Civil Code § 1021.5 because 1) this action will confer a significant benefit upon a large class of persons; and 2) there is a financial burden involved in pursuing this action; and 3) it would be against the interest of justice to force Plaintiffs to pay attorneys' fees from any amount recovered in this action.

## **PRAYER FOR RELIEF**

**PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS, COLLECTIVE, PRAY FOR RELIEF AS FOLLOWS:**

### **ON THE FIRST CAUSES OF ACTION**

1. For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2. For an order equitably tolling the statute of limitations for the potential members of the Collective;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4.      Appropriate equitable relief to remedy Defendant's violations of the FLSA including, but not necessarily limited to, an order enjoining Defendant from continuing their unlawful practices;

5.      For an award of all damages and restitution according to proof at trial for all unpaid wages and other injuries as provided by the FLSA

6.      For an award of liquidated damages pursuant to the FLSA;

7.      All appropriate statutory penalties;

8.      Pre-judgment and post-judgment interest, as provided by law;

9.      Such other relief as the Court may deem just and proper;

10.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to the FLSA; and

**ON THE SECOND THROUGH TENTH CAUSES OF ACTION**

1.      For an order certifying the Second through Tenth causes of action and maintaining said causes of action as a class action pursuant to Federal Rules of Civil Procedure § 23 on behalf of the members of the Class and who were either employed or who performed work here in the State of California during the relevant timer periods;

2.      Designation of Plaintiffs as the Class Representatives for the Class and Plaintiffs' attorneys as Class Counsel for the Class;

3.      A declaratory judgment that the practices complained of herein are unlawful under California law;

4.      Appropriate equitable relief to remedy Defendant's violations of California law including, but not necessarily limited to, an order enjoining Defendant from continuing their unlawful practices;

5.      For an award of unpaid wages for all labor performed and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to Labor Code §§ 200, 218, 1194 and 1194.2;

6.      For an award of unpaid overtime wages pursuant to Labor Code §§ 510 and 1194;

7.      All appropriate California statutory penalties;

8.      An award of unpaid reporting time pay pursuant to IWC No. 7;

9.      Compensation at the rate of one hour of regular pay for each instance in which a member of the Class was not provided a first or second meal period;

10.     Compensation at the rate of one hour of regular pay for each instance in which a member of the Class worked through a rest break or was not provided a proper rest break for every four hours worked or major fraction thereof;

11.     Labor Code § 203 penalties;

12.     Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3 and 210;

13.     Reimbursement of the necessary expenses incurred by the Class in the discharge of their duties;

14.     Pre-judgment and post-judgment interest, as provided by law;

15.     Such other equitable relief as the Court may deem just and proper; and

16.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and other applicable California law.


Dated: January 6, 2023          By: _____

                                Carolyn H. Cottrell
                                Ori Edelstein
                                Eugene Zinovyev
                                Kristabel Sandoval
                                Beth A. Christopher
                                **SCHNEIDER WALLACE**
                                **COTTRELL KONECKY LLP**

                                *Attorneys for Plaintiffs and All Others*
                                *Similarly Situated*

1

## **DEMAND FOR JURY TRIAL**

2       PLAINTIFFS hereby demand trial of all issues by jury.

3

4

Dated: January 6, 2023          By: _____
5
                                      Carolyn H. Cottrell
6                                     Ori Edelstein
7                                     Eugene Zinovyev
                                      Kristabel Sandoval
8                                     Beth A. Christopher
9                                     **SCHNEIDER WALLACE**
                                      **COTTRELL KONECKY LLP**
10

11
                                      *Attorneys for Plaintiffs and All Others*
12                                    *Similarly Situated*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28